IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Terrell Chandler, ) | C/A No. 8:16-2501-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| C. Petersen, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Edward Terrell Chandler ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff was detained in the Edgefield County Detention Center at the time he filed this action *in forma pauperis* under 28 U.S.C. § 1915.[1] The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff brings suit against C. Petersen ("Petersen"), who allegedly is employed with the Edgefield County Sheriff's Department. [Doc. 1.] Plaintiff complains about a February 24, 2015, traffic stop, where he was in a black car. [*Id.*] He contends Petersen had been given a description by dispatch of a blue car, so Petersen did not have a reasonable suspicion to conduct the traffic stop. [*Id.*] Plaintiff alleges property was taken "that would've helped prove my innocence." [*Id.*] Also, Plaintiff alleges Petersen illegally conducted the

---

[1]From the South Carolina Department of Corrections ("SCDC") website, it appears Plaintiff was admitted to SCDC on July 25, 2016, from offenses arising in Edgefield County. *See* South Carolina Department of Corrections, https://public.doc.state.sc.us/scdc-public/ (enter the SCDC ID number "326951") (last visited August 18, 2016); *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."). Thus, after Plaintiff mailed this lawsuit, he was convicted of certain offenses and moved to SCDC.

stop of the vehicle and then seized and searched it. [*Id.*]  He contends that his Fourth and Fourteenth Amendment constitutional rights were violated, and he seeks damages. [*Id.*]

This Court takes judicial notice that Plaintiff was convicted on July 22, 2016, of certain crimes in the Edgefield County Court of General Sessions—burglary first degree, robbery, kidnaping, and criminal sexual conduct first degree, and his sentence gave him credit for time served since February 24, 2015. *See* Edgefield County Eleventh Judicial Circuit Public Index, https://publicindex. sccourts.org/Edgefield/PublicIndex/PISearch.aspx (enter Plaintiff's name, and 2016GS1900378, 2016GS1900381, 2016GS1900382, 2016GS1900383) (last visited August 18, 2016); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").  It also appears from the SCDC website that Plaintiff was admitted there on July 25, 2016, from offenses arising in Edgefield County on or about February 24, 2015. *See* South Carolina Department of Corrections, https://public.doc.state.sc.us/scdc-public/ (enter the SCDC ID number "326951") (last visited August 18, 2016).

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the instant case, Plaintiff contends that the February 24, 2015, traffic stop conducted by Petersen was unconstitutional, and property was taken "that would've helped prove my innocence."  Because Plaintiff was convicted in Edgefield County on July 22, 2016, of burglary first degree, robbery, kidnaping, and criminal sexual conduct first degree, and his sentence gave him credit for time served since February 24, 2015, the traffic stop that is the subject of this lawsuit is related to his conviction that he is currently serving in SCDC.  Thus, the *Heck v. Humphrey* rule applies to this civil action; Plaintiff cannot bring it until he can show that his conviction has been invalidated.

In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

4

>expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.*

Further, the Supreme Court stated that,

>. . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

The *Heck* holding squarely applies to this case. Plaintiff does not allege that his conviction has been invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus. A favorable determination on the merits of Plaintiff's § 1983 claim would imply that Plaintiff's criminal conviction and sentence, which he is currently serving, were invalid. Because Plaintiff has not alleged that he already has successfully challenged the lawfulness of his state court conviction, this § 1983 claim should be dismissed because a right of action has not accrued.[2]

To the extent any charges arising from the traffic stop remain pending, although Plaintiff requests damages, this action also may have been filed as an attempt to interfere

---

[2]Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

5

with the state's pending criminal case against Plaintiff. However, because a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances, this Court should abstain from interfering with it. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (explaining the circumstances when *Younger* abstention is appropriate). Here, no circumstances are alleged that would have caused this Court to interfere with the state pending criminal proceedings; and, Plaintiff could have challenged the traffic stop during the state criminal proceedings.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

August 19, 2016                                   S/Jacquelyn D. Austin
Greenville, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).