IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Edward Terrell Chandler, | ) | |
| | ) | C/A No. 8:16-2501-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| C. Petersen, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Edward Terrell Chandler ("Chandler"), a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's action be dismissed without prejudice and without issuance and service of process. (ECF No. 10). Plaintiff was advised of his right to file objections to the Report. (ECF No. 10 at 7), and he filed timely objections. (ECF No. 16). Plaintiff also filed a motion to amend his complaint. (ECF No. 17).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that

do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

In her Report, the magistrate judge sets forth the facts and background. In particular, she notes that in his Complaint, Plaintiff alleges that he was pulled over for a traffic stop on February 24, 2015, while driving a black automobile, even though dispatch had described the car being sought as blue. (Report at 1). She states that Plaintiff alleges because of this, the officer did not have a reasonable suspicion to conduct the traffic stop, and property was seized which would have helped Plaintiff prove his innocence. (*Id.*) The magistrate judge noted that on July 22, 2016, Plaintiff was convicted of burglary first degree, robbery, kidnapping, and criminal sexual conduct, and that the start date for his sentences is February 24, 2015, the date of the traffic stop. The magistrate judge determined that this action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and Plaintiff cannot bring it until his convictions have been invalidated. (Report at 4-5). Additionally, the magistrate judge found that pursuant to the holding in *Younger v. Harris*, 401 U.S. 37 (1971), this court should not interfere with a pending state criminal proceeding. (Report at 6).

In his objections, Plaintiff contends that the magistrate judge erred in stating that his § 1983 claim revolved around an alleged improper seizure of property that would have proven Plaintiff's innocence. (Objections at 1). Plaintiff contends his claim is only one of an alleged illegal seizure of the Plaintiff's liberty. *Id.* And he alleges the traffic stop does not relate to his convictions - it only violated his liberty before any arrest, warrant for arrest, or indictment. *Id.* In his objections, Plaintiff also states that his convictions "would have only been altered by the

2

property allegedly taken, after the traffic stop." *Id.* For the following reasons, the court finds Plaintiff's objections are without merit.

Pursuant to *Heck*, the "court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

In *Heck,* 512 U.S. at 487 n.7, the Supreme Court set forth the following hypothetical which would not necessarily imply a conviction was unlawful:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

512 U.S. at 487 n.7. However, here, if the traffic stop was initiated without probable cause, the evidence seized pursuant to the stop would be suppressed. Thus, the suppression of the evidence seized pursuant to the challenged stop would necessarily imply the invalidity of Plaintiff's conviction and Plaintiff has not argued that the doctrines of independent source, inevitable discovery, harmless error, or other similar doctrines would apply. In fact, Plaintiff has not offered any reason why his claim challenging his initial stop would not invalidate his convictions. He contends that this claim goes only to an alleged seizure of his liberty and not from any alleged improper seizure of any evidence afterwards. Plaintiff attempts to circumvent the holding in *Heck* by parsing out the alleged illegal stop from a subsequent seizure, which in this case he cannot do. This stop appears to have been a *Terry*[1] stop which entails the seizure of a person to investigate a reasonable suspicion of criminal activity. After the stop, there was a search, evidence was seized,

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

and Plaintiff was arrested.

The court finds Plaintiff's claims would imply the invalidity of his convictions. Moreover, pursuant to *Heck*, to proceed with his claims, Plaintiff must prove that all of the criminal charges arising from the disputed arrest and subsequent proceedings were terminated in his favor. *See Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003) (*Heck* generally applies where search and seizure issues are raised). Plaintiff has not done this. Accordingly, as the magistrate judge found, *Heck* bars this §1983 action.[2]

As set forth above, Plaintiff filed a motion to amend his complaint. (ECF No. 17). In his motion, Plaintiff seeks to exclude references to allegations that his property which was seized would have helped Plaintiff prove his innocence. (ECF No. 17 at 1, Mot. to Amend at 1). Based on the above analysis, the court finds the proposed amendment to the complaint would not preclude this action from being barred by *Heck*. Thus, the court finds the amendment futile and should be denied. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing a court should freely give leave to amend when justice so requires absent some reason like futility).

## CONCLUSION

The court has thoroughly reviewed the Report and the filings in this case, and the court finds no reason to deviate from its recommended disposition. Accordingly, Plaintiff's motions to

---

[2]On October 21, 2016, Plaintiff filed a motion to amend his objections. (ECF No. 22). In his amended objections, Plaintiff contends that the magistrate judge erred in finding *Heck* barred this § 1983 action because at the time he filed this action, he had not been convicted. However, when the magistrate judge entered her Report on August 19, 2016, Plaintiff had been convicted. First, the court notes that Plaintiff has not set forth any reason as to why he could not have included these objections in his initial timely filed objections. And, in any event, the court finds these objections are without merit and thus any amendment would be futile. At that time he filed this action, before he had been convicted, "it [was] within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). But, now that he has been convicted, given that this "civil suit would impugn that conviction, *Heck* will require dismissal." *Id.* Plaintiff cannot avoid the application of the holding in *Heck* and his action be allowed to go forward now simply because he filed it prior to being convicted.

amend his complaint (ECF No. 17) and amend his objections (ECF No. 22) are **DENIED**. The court adopts the Report (ECF No. 10) and incorporates it herein, and Plaintiff's action is **DISMISSED** without prejudice and without issuance and service of process.

    **IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 1, 2016

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.